## Case No. 16,790.

### UNITED STATES ANNUNCIATOR & BELL TELEGRAPH MANUF"G CO. v. SANDERSON et al.

[3 Blatchf. 184.] [1]

Circuit Court, S. D. New York.    May, 1854.

PATENTS — INFRINGEMENT SUITS — EXPERT EVIDENCE—PRELIMINARY INJUNCTION—BOND FOR DAMAGES—BELL TELEGRAPH.

1. In a patent suit, the mere opinion of an expert, that two pieces of machinery constructed to produce the same results, and working out those results by means so nearly identical as to create a strong presumption of a common origin, are essentially different in mechanical structure and mode of operation, when the expert does not point out clearly the particulars of difference or coincidence between the two, does not afford satisfactory proof that the judgment of the expert ought to be adopted by the court.

2. The points of identity between two annunciators or bell telegraphs, considered and pointed out.

3. Where the defendant was a bona fide purchaser of a bell telegraph, without notice of its being claimed to be a violation of the plaintiff's patent, and used it in a hotel kept by him, and it was constructed under and in conformity to a patent subsequent in date to the plaintiff's patent, and it appeared that the effect of a peremptory provisional injunction would be to close the defendant's business, this court, although the defendant did not contest the validity of the plaintiff's patent, or the title of the plaintiff to it as assignee, and although its validity had been sustained in this court by verdicts and judgments in two suits at law, and by an injunction granted on it, withheld such injunction, unless the defendant should fail to give bonds, in $5,000, to abide the final decision of the case.

In equity. This was a motion for a provisional injunction, to restrain the defendants [James M. Sanderson and Charles L. Mather] from the violation of letters patent originally issued June 24th, 1846, upon the invention of Timothy D. Jackson and Alfred Judson, to Edward Crehore, Horace Brooks, and Timothy D. Jackson, for a new and useful bell telegraph. There were two reissues of the patent, and, through various mesne conveyances, it was assigned to the plaintiffs, on the 23d of February, 1853. In two actions at law in this court, for violations of the patent, verdicts and judgments had been rendered sustaining it, and an injunction had been awarded by this court, in one case, to restrain its further infringement. The de-

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

fendants in this suit did not, on this motion, contest the validity of the patent, or the title of the plaintiffs thereto. The defence was, that the machine used by the defendants, and which they used in a hotel kept by them, was constructed under and conformably to a patent granted to William Horsfall, October 4th, 1853, for an improvement in annunciators for hotels.

George Gifford, for plaintiffs.
George R. J. Bowdoin, for defendants.

BETTS, District Judge. It is manifest that the court is not possessed of means for determining the main point set up by the defendants in opposition to the motion for an injunction. The defence on the merits is, that the machine used by them is constructed upon different mechanical principles from that of the plaintiffs. To support this defence, models of the two machines have been exhibited to the court, and the defendants have produced the ex parte depositions of four witnesses, including Horsfall, the patentee of the machine complained against, stating their experience as mechanics, and averring that, in their opinion, the telegraph annunciator of the defendants does not interfere with, but is essentially different from the plaintiffs', in its mechanical structure and mode of operation. The facts supporting these conclusions are not stated by the witnesses; and the opinions of the respective witnesses are stated in nearly the same terms.

This evidence is, no doubt, admissible in law. But the mere opinion of experts, when not sustained by pointing out clearly the particulars of difference or coincidence between pieces of machinery constructed to produce the same results, and working out those results by means so nearly identical as to create a strong presumption of a common origin, cannot afford proof very satisfactory to the mind that the judgment of the witnesses ought to be adopted. The court would be very reluctant, upon such evidence, to disregard the verdicts of two juries, declaring the patent of the plaintiffs to be valid. Indeed, acting upon this motion without reference to those verdicts, it would not assume to determine the fact that the defendants' machine does not infringe the right of the plaintiffs, upon its own inspection of the two machines.

The structures are extremely alike—the front aspect of the faces—the mode of indicating, by stationary numbers, the rooms of the hotel from which signals are given—and a movable shade, adapted to conceal or disclose the numbers, by a force applied outside of the machine. In each, a small bar or stem is attached, by mechanical means, to the movable lid or shade covering each aperture in the face of the annunciator, and also to the bell hammer; and, in each, that stem is moved by a wire running from the

apartment where the signal is given. The single operation of pulling that wire in each discloses the number and sounds the alarm bell. And each has as many separate stems or bars, so connected and operated, as there are apartments to be served by the machine. In each, also, a wire passing out of the machine, behind, or below, or at its side, is employed, by means of a crank, or sliding lever, or simply by the hand, to replace, at a single movement, the covers on the disk over the numbers, simultaneously or successively, at pleasure.

There is, no doubt, a diversity of mechanical arrangements put in use internally in the machines, to effect these operations. It is easy to discover a variance of movement, and many changes in the forms of the instrumentality employed in the defendants' machine; but that it involves any new principle, distinct from that of the plaintiffs' machine, is by no means manifest. Whether it does or not, is a question which can be more satisfactorily investigated at law before a jury, with the witnesses in court, than through depositions taken on paper and ex parte.

It does not appear that the validity of the patent under which the defendants' machine is constructed was passed upon in the two jury trials, further than that point may be regarded as involved in the general question of the novelty of the plaintiffs' discovery; and, as it is suggested in one of the depositions on the part of the defendants, that those trials were not upon a full disclosure of the proofs against the plaintiffs on that head. I am not disposed to order a peremptory injunction in the present position of the case, as that would have the effect to close the business of the defendants. they appearing to be bona fide purchasers of the article, without notice of the plaintiffs' claim to it. I shall, therefore, direct that they give bonds, in $5,000, to abide the final decision of the case on the merits, or that an injunction issue.

[Patent No. 4,816 was granted to Jackson & Judson, October 17, 1846, and has not, so far as ascertained, been involved in any other cases.]